Reese, J.
delivered the opinion of the court.
The lessor of the plaintiff, and the defendant, both claim title *258 to the land in controversy under a sheriff’s sale and deed; each sale and deed being for the same land, and the land in each instance sold and conveyed as the land of one James C. Kelly.
The sale in plaintiff’s case was made on execution, which issued from the Supreme Court against one Bradley, who had been sheriff of White county, and the said James C. Kelly, and numerous other persons, his sureties. The sheriff’s return upon said execution, was as follows: “No personal property found in my county of defendant James C. Kelly; levied this execution on three tracts of land,” &c.; and the return then proceeds to describe the lands, and to state the sale.
The court on the trial, charged the jury, “that it was necessary to the validity of Crowder’s title that the sheriff’s return on the execution under which he purchased, should show that the other defendants, besides Kelly, had no personal property. The return that he had no personalty, did not authorize a levy on his land, unless he waived his right, and agreed that the sheriff might levy on it.”
We are of opinion, that the charge is erroneous. The act of 1794, ch. 1, sec. 23, directs that “process which heretofore issued against goods and chattels, lands and tenements, should for the future issue in the same manner, and such as issued only against goods and chattels, should thereafter issue against lands and tenements, and the sheriff upon such process shall proceed to levy the same upon the goods and chattels of the defendant in the first instance, if any there be, but if to the best of his knowledge, there be no such goods and chattels, or not sufficient to answer the plaintiff’s demand, he shall execute the same upon the lands and tenements to the amount of the whole debt,” &c. This provision, which renders lands alienable by execution, is directory to the sheriff, to proceed first against the goods and chattels, because the latter are not deemed, by the general policy of the law, of so permanent and valuable a nature, and it is considered that the defendant desires that it should be first subjected to sale. But what righp or privilege has he by the terms, or the policy of the statute, if without personal property himself, that his land, against which the execution runs, should *259 be protected from sale, because his co-defendants in the execution, may have personal property?
If he has personal property, the whole execution may be satisfied out of it, and he be left to seek his contribution from his co-defendants as he may see proper. If he has no personal property, and has lands, the whole execution may be levied of his lands, and his remedy will be the same. There is nothing in the statute to sustain the view of the court below, that all the personal property of all the defendants in an execution must be sold, before the land of any one of them can be levied on.
If this were so, a principal debtor in an execution, as in this case, Bradley the sheriff, might protect his real estate from sale, so long as any of his sureties, against whom, jointly with himself, an execution might be issued, were possessed of any personal property in the county, contrary to the express direction of many statutes, to make the money first out of the property of the principal. We are not aware that it has ever been held, that an execution sale was invalid and void as to real estate, because the sheriff’s return did not show properly, that the personal estate had been exhausted.
The act seems directory in its terms and policy, and unless the act itself had declared, that a non-compliance with its directions should invalidate the sale, it is due to the purchasers that they should be protected from loss. However, it is not necessary that we should touch any question, more general, than the one raised by the record.
But it is argued, that if the court erred in the particular referred to, still the case, should not be reversed, because the record shows, that the twenty days written notice to the defendant in the execution, required by the 1st section of the act of 1799, ch. 14, was not given.
But the record does not show, that at the time of the sale James C. Kelly, the defendant in the execution, was in possession of the land levied on and sold; on the contrary, the record does show, that James C. Kelly had conveyed the land to one George Kelly, and that the latter was in the actual possession.
The twenty days written notice is only to be given to the defendant in the execution, when in actual possession of the land.
*260 Let the judgment be reversed, anew trial be granted, and the cause be remanded to the Circuit Court.